UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **RICHARD WAGNER**, | ) |
| | ) Case No. 1:25-cv-361 |
| Plaintiff, | ) |
| | ) Judge: |
| v. | ) |
| | ) |
| **ASMAKI INC.**, **an Ohio for profit corporation** | ) |
| | ) |
| | ) |
| Defendant | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, **Richard Wagner**, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant **Asmaki Inc.** for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Richard Wagner, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of

Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Southern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Richard Wagner ("Plaintiff" or "Mr. Wagner") is a Delaware County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. The Defendant, Asmaki Inc., owns and/or operates the Wingate Hotel, which is a hotel located at 4320 Glendale-Milford Rd, Cincinnati, Ohio 45242 located in Hamilton County.

6. The hotel owned and operated by the Defendant was originally built by the Defendant or its predecessor commencing in 1999 and granted permits for occupancy in 2000 and is non-compliant with the remedial provisions of the 1991 ADA Standards for Accessible Design for newly designed and constructed or altered facilities or 2010 ADA Standards as applicable. Full compliance with the implementing regulations of the ADA is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

7. The facility owned or operated by the Defendant, Asmaki Inc., is non-compliant with the remedial provisions of the ADA. As the Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

8. Mr. Wagner is an individual diagnosed with spinal paralysis and permanently uses a wheelchair for mobility. As such, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9. Raised in Cincinnati, Mr. Wagner has many friends and relatives, including his brother, in the suburban Cincinnati area. He visits often and continues to visit the city to vacation and view various sporting events. Plaintiff has frequented many establishments in the Hamilton County region and has been an overnight guest and bona fide customer at the hotel property that forms the basis of this lawsuit on multiple occasions. He was there last in April 2025.

10. On June 29, 2024, Plaintiff patronized the Defendant's property as an overnight guest while in Blue Ash attending his high school reunion. He plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject's property. The barriers to access to the property have endangered his safety and protected access to Defendant's place of public accommodation.

11. Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and

services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the Wingate Hotel, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

**Parking and Accessible Route**

A. There is no marked access aisle in the vehicle pull-up space at the hotel passenger loading one, in violation of the ADA section 503.3 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

B. In the parking lot, outlined/marked accessible parking spaces are missing the signs identifying the space as "Accessible Parking", in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required or at minimum is readily achievable.

C. In the parking lot, signs identifying van accessible parking are missing the sign identifying it as a "van" stall, in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required or at minimum is readily achievable.

D. In the parking lot, the parking spaces and the access aisles at existing designated standard and van accessible parking spaces are an improper narrow width, in violation of Sections 502.2 and 502.3.1 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or at minimum is readily achievable.

E. In the parking lot, there is a failure to maintain the accessible features, by allowing patrons without disabilities to park in the marked accessible parking spaces as well as allowing striping to become faded and barely visible, is a violation of the ADA 2010 Compliance Standards and 1991 ADAAG Compliance Standards in the 28 CFR 35.133, whose remedy is strictly required or at minimum is readily achievable.

F. Ground surfaces located on the accessible route have cracks in excess of ½ inch and changes in elevation in excess of ¼ inch, in violation of the ADA and sections 302.2 and 302.3 of the 2010 Standards and 1991 ADAAG section 4.5.2 and 4.5.4, whose remedy is strictly required or at minimum is readily achievable.

G. At the lobby's main entrance, the floor mat at the door is not secured in place or maintained in a stable, firm, and slip-resistant condition, in violation of the ADA section 302.2 of the 2010 Standards and 1991 ADAAG section 4.5.3 whose remedy is readily achievable.

H. In front of the registration service counter, the floor mat is not secured in place or maintained in a stable, firm, and slip-resistant condition, in violation of the ADA section 302.2 of the 2010 Standards and 1991 ADAAG section 4.5.3 whose remedy is strictly required or at minimum is readily achievable.

I. At the registration service counter, the registration counter exceeds 36 inches and while there is a lowered transaction counter provided, it was located in an obscure location and neither utilized or offered as an accommodation to hotel guests with disabilities at the time of check-in, in violation of the ADA section 904.4 of the 2010 Standards and 1991 ADAAG section: 7.2(1), whose remedy is strictly required or at minimum is readily achievable.

**Breakfast Area**

J.      In the dining area, there is no accessible seating or standing dining surfaces provided, in violation of the ADA section 226.1 of the 2010 Standards and 1991 ADAAG section 5.1, whose remedy is strictly required or at minimum is readily achievable.

K.      The soda vending machine has a credit card reader which is too high and out of the maximum height reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

**<u>Men's Public Restroom</u>**

L.      In the Men's public restroom, the coat hangers are mounted in excess the 48" maximum height allowable reach range, in violation of the ADA and section 604.8.3 of the 2010 Standards and 1991 ADAAG section 4.2.5, whose remedy is strictly required or at minimum is readily achievable.

M.      In the Men's public restroom, the flush handle is not located on the open side of the toilet, in violation of the ADA section 604.6 of the 2010 Standards and 1991 ADAAG section 4.18.4, whose remedy is strictly required or at minimum is readily achievable.

N.      In the Men's public restroom, the toilet paper is not properly mounted, in violation of the ADA and section 604.7 of the 2010 Standards whose remedy is strictly required or at minimum is readily achievable.

O.     In the Men's public restroom, the water and drainpipes under the lavatory are not adequately insulated in violation of the ADA section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or at minimum is readily achievable.

P.     In the men's public restroom, the side wall toilet grab bar is not 42 inches long minimum and is not located 12 inches maximum from the rear wall and extending 54 inches minimum from the rear wall in violation of the ADA section 604.5.1 of the 2010 Standards and 1991 ADAAG section 4.17.6, whose remedy is strictly required or at minimum is readily achievable.

**Women's Public Restroom**

Q.     Upon information and belief, the Women's Public restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable. A survey is recommended.

**Mobility Accessible Guest Room #125**

R.     In the mobility accessible guest room #125, the main door security latch is too high and out of the maximum height reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

S.     In the mobility accessible guest room #125, the safe is placed too low and out of the minimum height reach of 15 inches above the finished floor, in

violation of the ADA and section 308.2.1 of the 2010 Standards and 1991 ADAAG section 4.2.5, whose remedy is strictly required or at minimum is readily achievable.

T.  In the mobility accessible guest room #125, the clothing iron is too high and out of the maximum reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards and 1991 ADAAG section 4.2.5, whose remedy is strictly required or at minimum is readily achievable.

U.  In the mobility accessible guest room #125, the coat hangers are too high and out of the maximum reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards and 1991 ADAAG section 4.2.5, whose remedy is strictly required or at minimum is readily achievable.

V.  In the mobility accessible guest room #125, the adjoining room door security lock is not accessible because it requires tight grasping, pinching, or twisting of the wrist, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required or at minimum is readily achievable.

W.  In the mobility accessible guest room #125, a clear floor space is not being provided on both sides of the bed, in violation of the ADA section 806.2.3 of

the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

X. In the mobility accessible guest room #125, the drape chain is not accessible because they require tight grasping, pinching, or twisting of the wrist, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required or at minimum is readily achievable.

Y. In the mobility accessible guest room bathroom, the towels are placed too high and out of the maximum height reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

Z. In the mobility accessible guest room bathroom, the hair dryer is mounted too high and out of the maximum height reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

AA. In the mobility accessible guest room bathroom, there is no fixed seat in the roll-in shower, in violation of sections 608.4 of the 2010 ADA Standards and 1991 ADAAG sections 9.1.2, figure 57(a), figure 57(b) and 4.21.3, whose remedy is strictly required or, at minimum, readily achievable.

BB. In the mobility accessible guest room bathroom, the roll-in shower stall is out of compliance because the controls are not mounted on the back wall and located 27 inches maximum from the seat wall (or where a seat should otherwise be located), in violation of the ADA and section 608.5.2 of the 2010 Standards, whose remedy is readily achievable.

CC. The lavatory blocks required clear width floor space to access the shower compartment, in violation of the ADA and Section 608.2.3 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

DD. In the mobility accessible guest room bathroom, the shower sprayer placed too high, in violation of the ADA section 607.6 of the 2010 Standards, whose remedy is readily achievable.

EE. In the mobility accessible guest room bathroom, the water and drainpipes under the lavatory are not insulated to protect against scalding or contact in violation of the ADA section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is readily achievable.

FF. In the mobility accessible guest room bathroom, the flush handle is not located on the open side of the toilet, in violation of the ADA section 604.6

of the 2010 Standards and 1991 ADAAG section 4.18.4, whose remedy is readily achievable.

GG. In the mobility accessible guest room bathroom, the toilet paper is not properly mounted, in violation of the ADA and section 604.7 of the 2010 Standards whose remedy is strictly required or at minimum is readily achievable.

**Mobility Accessible Guestrooms Generally**

HH. Upon information and belief, Richard Wagner believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel (not just room #125). Including the other roll-in shower fitted mobility accessible guestrooms and bathtub fitted mobility accessible guestrooms.

**Type and Number of Designated Accessible Guestrooms**

II. Upon information and belief, the Wingate by Wyndham Cincinnati/Blue Ash has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 84 guestrooms such as this Wingate by Wyndham Cincinnati/Blue Ash, a minimum of four mobility accessible guestrooms without a roll-in shower is required and a minimum of one mobility accessible guestroom with a roll-in shower is

required, totaling five (5) designated mobility accessible guestrooms.  This is in violation of the ADA whose remedy is strictly required or, at minimum, is readily achievable.

JJ. Upon information and belief, the hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers several different types of rooms in different class, suites, and various bed arrangements.  However, guests who require mobility accessible accommodations are restricted to an accessible King bed room, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes including: 1 king bed; 1 king bed deluxe room with sofa bed; 2 queen bed guestrooms; and 1 King Bed, Studio Suite guestrooms. This is in violation of the ADA and its remedy is strictly required or, at minimum, is readily achievable.

**Pool Area**

KK. In the pool area, there is not an adaptive pool lift located at the indoor pool, in violation of the ADA section 1009.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

LL. In the pool area, the shower stall provided is not accessible providing grab bars, a seat and accessible controls with a sprayer, in violation of the ADA

sections 608.3, 608.3.2, 608.5 and 1991 ADAAG section 4.21, Whose remedy is strictly required or, at minimum, is readily achievable.

**Policies and Procedures:**

MM. The Defendants lacks or have inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable.

NN. The Defendant's inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities that have resulted in discriminatory conduct toward Richard Wagner.

OO. The Defendants' inadequate policies and procedures include an absence of emergency evacuation plans for the Defendant's guests with varying types of disabilities who may require an added duty of care and pre-planning. As such, guests with mobility impairments including Richard Wagner, struggle to address the existing barriers to accessibility on the property and suffer additional risk in the event of an emergency and proper emergency evacuation plans are required.

15. The discriminatory violations described in Paragraph 14 by Defendant Asmaki Inc. are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public

accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The hotel at issue, as owned and operated by Asmaki Inc. constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to

discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility readily accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove all the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make all alterations, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 et seq.

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. The Defendant Asmaki INC, operates or owns a "place[s] of public accommodation" pursuant to O.R.C. §4112.01(A)(9).

23. Defendant has committed unlawful acts pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. Defendant's property is replete with barriers to handicap access that discourage, dissuade and impair usage of the hotel's amenities and ability to navigate the property. Defendant's unlawful acts also impair the Plaintiff's ability to perform the important basic function of bathing in his own transient lodging guestroom.

24. The Defendant's acts are willful, severe and ongoing.

25. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to ensure justice, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all compulsory alterations or at minimum readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and

advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

                                        Respectfully Submitted,

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. 0074743
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
obdjr@owendunnlaw.com
 Counsel for Plaintiff Richard Wagner